IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LINDSEY GRASIS, ET AL.<br><br>Plaintiffs,<br><br>v.<br><br>WIN ACCESS, INC., ET AL.<br><br>Defendants. | CIV. NO.: 13-1226 (PAD/SCC) |

**REPORT AND RECOMMENDATION**

Plaintiff Lindsey Grasis was a college student participating in a study-abroad program in Puerto Rico. This action arises from the rape she suffered on April 14, 2012, at the Ashford Imperial Condominium, ("Ashford Imperial"),where she was residing as part of the program. Ashford was the choice of residence by the Worcester Polytechnic Institute, ("WPI"), which was the school she was attending. WPI entered into a short-term rental agreement with Sea Breeze Apartment Rentals, Inc., ("Sea Breeze"), to receive services from Sea

Breeze. WPI faculty and students would be lodged at Ashford Imperial while participating in the study abroad program in Puerto Rico.

The aggressor was William Rodríguez, an employee of Win access, Inc., ("Win"), a security agency hired by Consejo de Titulares Ashford Imperial Condominium,("Consejo"),to provide security services. On the day of the assault Rodríguez was stationed in the lobby of the Ashford Imperial and convinced Lindsey to accompany him to the rooftop of the 26-story- high building, where he raped her against the railing.

Lindsey and her parents seek damages for their pain and suffering as a result of the rape. The claims are asserted in the Second Amended Complaint, Docket No. 71, against: Win; Consejo; Sea Breeze; Cooperativa de Seguros Multiples, ("Cooperativa"); Universal Group, Inc., ("Universal") and MAPFRE PRAICO Insurance Company, ("MAPFRE"). Consejo filed cross claims against MAPFRE, Win, and Cooperativa, Docket Nos. 72, 73, and 113 and filed a Third Party Complaint against Worcester Polytechnic Institute, ("WPI"), Docket No. 74. Defendants and cross defendants answered the Second Amended Complaint, and Cross Claims. Docket. Nos. 75, 83, 96, 97, 106, 107, 122, 183, 223 and 224. WPI answered the Third

Party Complaint. Docket No. 115.

In their Second Amended Complaint, plaintiffs aver that Sea Breeze was negligent because it had a duty to provide adequate security measures to guests, residents, and invitees of the Ashford Imperial at the premises. Docket No. 71 at ¶ 65. Sea Breeze is moving the court for summary judgment against plaintiffs, Docket No. 338, which plaintiffs opposed. Docket No. 353. For the reasons set forth I recommend that summary judgment be granted in favor of Sea Breeze.

### I. Findings of Fact

We begin with the facts not in dispute, which are drawn from Sea Breeze's Statement of Uncontested Material Facts ("Sea Breeze's SUMF"), Docket No. 338-1, and plaintiffs' Response to Statement of Material Facts ("Plaintiffs' Opposition SUMF"), Docket No. 355, as well as the exhibits attached thereto. In accordance with Local Rule 56, the court credits only facts properly supported by accurate record citations. *See* Local Rule 56(e). The court has disregarded all argument, conclusory allegations, speculation, and improbable inferences disguised as facts. *See Forestier Fradera v. Municipality of Mayaguez*, 440 F.3d 17, 21 (1st Cir.2006); *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990).

1. Sea Breeze is a corporation with its principal place of business in Puerto Rico. Sea Breeze's SUMF, ¶ 1; PLAINTIFFS' RESPONSE SUMF, ¶ 1.

2. In 2012, WPI entered into short-term rental agreements with Sea Breeze for the rental of apartments at Ashford Imperial to house students and faculty and to receive services from Sea Breeze. Sea Breeze's SUMF, ¶ 4; PLAINTIFFS' RESPONSE SUMF, ¶ 4.

3. Sea Breeze offered maintenance and accommodation services at Ashford Imperial for WPI students and faculty for over 20 years and up to 2012. Sea Breeze's SUMF, ¶ 6; Plaintiffs' Response SUMF, ¶ 6.

4. Sea Breeze facilitated the rental of apartments for WPI, who did not contact individual owners and retained 20% of the rental fee, after utility bills had been paid. *See* Yolanda Justa Moral Arias' deposition, Docket No.338-4, pg. 64 lines 22-25; pg. 65 lines 1-7; pg. 69 lines 18-20.

5. Yolanda Justa Moral Arias was a representative and officer of Sea Breeze. *See* Sea Breeze's Deposition, Docket No. 338-4, pg. 33-35.[1]

---

**1.** Though plaintiffs' contest Ms. Moral's role as a mere representative, they have not pointed to record citations that refute her testimony as to

| GRASIS v. WIN | Page 5 |
|---|---:|

6. WPI contacted Sea Breeze directly for the rental of the apartments. Ms. Moral would receive and accommodate the students and faculty from WPI at Ashford. Sea Breeze's SUMF, ¶ 7; PLAINTIFFS' RESPONSE SUMF, ¶7.

7. Sea Breeze facilitated the rental of apartments at Ashford. WPI paid Sea Breeze, who retained 20% after paying utility and maintenance expenses and paid the balance to the individual apartment owners. *See* Yolanda Justa Moral Arias' deposition deposition, Docket No.338-4, pg. 64 lines 22-25; pg. 65 lines 1-7; pg. 69 lines 18-20.

8. The short-term rental lease agreements executed between WPI and Sea Breeze do not contain any clause requiring Sea Breeze to provide security services to WPI tenants. Sea Breeze's SUMF, ¶ 5; PLAINTIFFS' RESPONSE SUMF, ¶ 5; Short Term Rental Agreements, Docket No. 355-1.

9. Sea Breeze offered maintenance and accommodation services to WPI students and faculty staying at Ashford Imperial. Sea Breeze's SUMF, ¶ 6; PLAINTIFFS' RESPONSE SUMF, ¶ 6.

---

her role within the company. In any case, the role of Ms. Moral does not materially affect the relationship between WPI and Sea Breeze for purposes of summary judgment.

10. No contractual relationship existed between Sea Breeze and Consejo. *See* Yolanda Justa Moral Arias' deposition, Docket No.338-4, pg. 53, lines 14-21.

11. Sea Breeze did not hire Win, nor it had any input in Win's selection of employees. Sea Breeze's SUMF, ¶ 11-12.[2]

12. Sea Breeze and Yolanda Justa Moral Arias were not aware, as of 2012, of any past crimes or violent acts that were committed or could have been committed on the premises of Condominio Ashford Imperial. *See* Yolanda Justa Moral Arias' deposition, Docket No.338-4, pg. 75-76, lines 19-1.

**II. Summary Judgment Standard**

A motion for summary judgment will be granted "if the pleadings, the discovery and disclosure material on file, and any affidavits show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

**2.** Plaintiffs deny these assertions but with information that does not defeat the statements contained therein. Plaintiffs claim that Ms. Moral, Sea Breeze's representative, was also Consejo's secretary and therefore, had authority over the selection and hiring process of the security company and its employees. Plaintiffs fail to explain how Moral's role in Consejo binds Sea Breeze, a separate entity from Ms. Moral. Nor do I find persuasive Plaintiffs' assertion that Ms. Moral owned an apartment at Ashford. So, for purposes of summary judgment I will deem Sea Breeze's statements 11-12 as uncontroverted.

matter of law." Fed. R. Civ. P. 56(a). A fact is in genuine dispute if it could be resolved in favor of either party, and it is material if it potentially affects the outcome of the case. *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004). The movant carries the burden of establishing that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). This burden may be satisfied by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations . . . or other materials." Fed. R. Civ. P. 56(c)(1)(A). The movant may also point to a lack of evidence supporting the nonmovant's case. *See* Fed. R. Civ. P. 56(c)(1)(B); *see also Celotex*, 477 U.S. at 325. Once the movant makes a preliminary showing that no genuine issues of material fact exist, "the nonmovant must produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy [dispute]." *Clifford v. Barnhart*, 449 F.3d 276, 280 (1st Cir. 2006) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 56(c)(1).

In evaluating a motion for summary judgment, we view the record in the light most favorable to the nonmovant. *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

"The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

Finally, as this is a diversity case, the court is bound to apply Puerto Rico law to all substantive matters. *Vázquez-Filipetti v. Banco Popular*, 504 F.3d 43, 48 (1st Cir. 2007).

### III. Analysis

Plaintiffs claim damages from Sea Breeze for its failure to take safety measures to protect the guests of WPI from foreseeable harm. This claim is premised on Article 1802 of the Civil Code of Puerto Rico, P.R. Laws Ann. Tit. 31, § 5141, which states that "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." To recover on a negligence theory, a plaintiff suing for personal injuries under Article 1802 must establish "(1) a duty requiring the defendant to conform to a certain standard of conduct, (2) a breach of that duty, (3) proof of damage, and (4) a causal connection between the damage and the tortious conduct." *Woods-Leber v. Hyatt Hotels of Puerto Rico, Inc.*, 124 F.3d 47, 50 (citing *Sociedad de Gananciales v. Gonzalez Padin*, 17 P.R. Offic. Trans. 111, 125 (1986)).

The gist of the analysis is whether Sea Breeze had a duty to provide security at Ashford Imperial, and if so, was this duty

breached? A review of the uncontested facts answers both questions in the negative.

Sea Breeze facilitated the rental of apartments for WPI, and in essence provided concierge and maintenance services. In the approximately 20 years that Sea Breeze had been accommodating students or faculty of WPI's at Ashford Imperial, it had not become aware of any criminal or violent acts that were committed or could have been committed on the premises. Furthermore, there was no contractual relationship between Sea Breeze and Consejo, or between Sea Breeze and Win. The short-term lease agreements did not contain any clause requiring Sea Breeze to provide security services, and Sea Breeze was not in charge of hiring or vetting the security company or its employees.

Plaintiffs' sole argument in defense of Sea Breeze's liability is that civil liability for criminal acts attaches to all persons or entities receiving an economic benefit from commercial activities that make certain risks or harms foreseeable. This proposition is extracted from *Martinez v. Chase*, 8 P.R. Offic. Trans. 542 (1979). In *Chase*, the Puerto Rico Supreme Court imposed liability on "[a]ll those involved in the chain of contracting the tortfeasor and who share the foreseeability of

the tortious act."*Martinez,* 8 P.R. Offic. Trans. at 552. Plaintiffs purport that since Sea Breeze derived an economic benefit by keeping a 20% fee from the rentals, it should be held liable for the actions of William Rodríguez.

The problem with plaintiffs' theory is that, unlike the factual pattern in *Chase*, there is no contractual link between See Breeze and Rodríguez, or between See Breeze and Win, Rodríguez' employer. See Breeze and Consejo were also not bound by any agreement. The uncontested facts clearly show that Sea Breeze was not involved in hiring the security company or its employees. As a matter of fact, Sea Breeze had no say over the matters pertaining to security. The extent to which Sea Breeze directly benefitted from the work of Rodríguez, a factor the *Chase* court took into account, is also arguable. *Id.* at 550.

The foreseeability element is also missing.[3] The *Chase* court explained it as follows: "For Chase, as well as for its contractor Research, it was entirely foreseeable at the time of hiring that during the course of the work of collecting money and repossessing vehicles ..., the risk of tort to a third person peculiar to

---

3. Though we have concluded that there is no duty on the part of Sea Breeze, we nonetheless briefly discuss the foreseeability requirement.

this type of work, i.e., violence and abuse, could come up." *Id*. at 548. Plaintiffs have not established how the incident involving Rodríguez and Lindsey was foreseeable to See Breeze. It is uncontested that Sea Breeze did not have knowledge of violent or criminal activities taking place in the Ashford Imperial and that it did not have any part in supervising the security measures at Ashford Imperial. Taking all these elements together, we conclude that Sea Breeze is entitled to summary judgment because plaintiffs have not established that it was negligent in failing to protect Lindsey Grasis.

### IV. Conclusion

For the reasons discussed, we recommend that Sea Breeze's motion for summary judgment be granted. We find that plaintiffs have not established that Sea Breeze had a duty to provide adequate security to Lindsey and that it was negligent in failing to do so.

IT IS SO RECOMMENDED.

The parties have seven days to file any objections to this report and recommendation. Failure to file the same within the specified time waives the right to appeal this report and recommendation. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-

51 (1st Cir. 1994); *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 23rd day of March, 2017.

S/ SILVIA CARREÑO-COLL
UNITED STATES MAGISTRATE JUDGE
