IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **LINDSEY GRASIS, <u>et al.</u>** | |
| **Plaintiffs,** | |
| v. | **CIVIL NO. 13-1226 (PAD)** |
| **WIN ACCESS, INC., <u>et al.</u>** | |
| **Defendants.** | |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

This case stems from a sexual molestation incident (a rape), which allegedly occurred on April 14, 2014 at the roof of the Ashford Imperial Condominium by one of its security guards, William Rodríguez.[1] Before the court are (i) Worcester Polytechnic Institute's ("WPI's") "Motion for Summary Judgment" (Docket No. 306); and (ii) MAPFRE's "Motion for Judgment on the Pleadings" (Docket Nos. 121, 146, 216 and 293). The motions were referred to U.S. Magistrate Judge Silvia Carreño-Coll, who issued a Report and Recommendation ("R&R") (Docket No. 387), granting WIP's request and granting in part and denying in part MAPFRE's request. For the reasons explained below, the R&R is ADOPTED IN PART.

**I.    REFERRAL**

A district court may refer a pending motion to a magistrate judge for a report and recommendation. <u>See</u> 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Civ. Rule 72. Any

---

[1] As the Report and Recommendation correctly noted, plaintiffs Michael, Dorothy and Lindsey Grasis claim damages in the Second Amended Complaint from WIN Access, Inc.; Consejo de Titulares Condominio Ashford Imperial; Sea Breeze Apt. Rentals, Inc.; Cooperativa de Seguros Múltiples; Universal Group, Inc., and MAPFRE, stemming from the sexual assault Lindsey Grasis suffered while living in the Ashford Imperial Apartment Building. Consejo filed a cross claim against MAPFRE, WIN and Cooperativa, and a Third Party Complaint against WPI.

party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. Loc. Civ. Rule 72(d). See 28 U.S.C. § 636(b)(1). In this case, the time to file objections was reduced to ten (Docket No. 387 at p. 27).

A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Ramos-Echevarria v. Pichis, Inc., 698 F.Supp.2d 262, 264 (D.P.R. 2010); Sylva v. Culebra Dive Shop, 389 F.Supp.2d 189, 191-92 (D.P.R. 2005) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)).

## II.  THE REPORT AND RECOMMENDATION

First, the Magistrate Judge recommended that the third-party complaint filed against WPI on February 25, 2014,[2] be dismissed as time-barred under the Puerto Rico Supreme Court's ruling of Fraguada-Bonilla v. Hosp. Auxilio Mutuo, 186 D.P.R. 365 (2012) and Maldonado-Rivera v. Carlos Suárez, 195 D.P.R. 182 (2016). Second, she found that Lindsey Grasis was "under the care, control, and supervision" of Ashford Imperial (Docket No. 387 at pp. 14-25), and that, as such, claims related to the incident involving Rodríguez are excluded under *each* of the requisite prongs of the "Abuse or Molestation Exclusion" of the Commercial General Liability Policy (No. CBP-008839603), in favor of Consejo de Titulares Ashford Imperial ("Consejo"). Id. at p. 19. Finally, she concluded that MAPFRE's request should be denied as to the duty to defend claims. In her view, the Second Amended Complaint alleges that Consejo faulted on a myriad of other issues such as, failing to install cameras and proper lighting on the roof, and making sure that the cameras

---

[2] That is, 1 year 10 months and 11 days after Consejo knew of the rape of Lindsey Grasis and the she was a student participating in a project sponsored by WPI.

Lindsey Grasis, *et al.* v. Win Access Inc., *et al.*
Civil No. 13-1226 (PAD)
Memorandum and Order
Page 3

on the building were working properly. Id. at p. 26.  She reasoned that those claims "could provide an independent basis for establishing Consejo's negligence," id., and held MAPFRE had a duty to defend Consejo de Titulares until it can establish that all the claims against it arose because of the illegal acts committed by Rodríguez. Id.  Plaintiffs, MAPFRE and Consejo object to the R&R (Docket Nos. 390, 391 and 392). Plaintiffs timely supplemented their objections at Docket No. 391.

### III.   THE OBJECTIONS

**A. Plaintiffs' Objections at Docket Nos. 390 and 391**

Plaintiffs claim the Magistrate Judge erred on three grounds. First, they assert that, while interpreting the abuse or molestation exclusion in an insurance policy governed by Puerto Rico law, the Magistrate Judge disregarded "a binding intermediate Puerto Rico appellate court decision that determined coverage after interpreting the same abuse or molestation."  Second, they contend that she erred in finding that the abuse or molestation exclusion was not ambiguous, as there is more than one rational interpretation of the exclusion. Third, they state that she should hot have given weight to an "irrelevant fact," that is, the place where Lindsey Grasis was sexually assaulted. In the alternative, they move to certify the coverage issue to the Puerto Rico Supreme Court.[3]

As to their first argument, plaintiffs refer the court's attention to a Judgment entered by the Puerto Rico's Court of Appeals in Perales-Cruz v. Villa del Asociado Jenaro Cortés, Inc., 2015 WL 3488871 (P.R. Court of Appeals April 30, 2015).  In her R&R, the Magistrate Judge laid out a well-reasoned explanation as to why the facts of Perales-Cruz are different from the facts here,

---

[3] In their supplemental motion at Docket No. 391, they included additional authorities that were not included in their original motion.

particularly with respect to the duty of care allegedly owed by defendants (Docket No. 387 at pp. 21-23). The court agrees with the Magistrate Judge's analysis and conclusion that Lindsey Grasis was in the care of Consejo at the time the alleged raped occurred, making the holding of Perales-Cruz inapplicable to this case.[4]

Along that line, plaintiffs have consistently agreed with the Magistrate Judge's position that as an innkeeper, Consejo, MAPFRE's insured, owed Lindsey Grasis a higher duty of care. See, Docket No. 71 at ¶¶ 27, 65-67, 70 (asserting that the rape of Lindsey occurred at the roof, "a communal element of the condominium"), and 74 (adding that, Consejo, "[a]s administrators of said element, [. . .] is responsible for any damages caused to an individual in that vicinity").[5] On this end, however, their objections overlook that the Magistrate Judge found that the claims related to the incident involving Rodríguez are excluded under *each* of the requisite prongs of the "Abuse or Molestation Exclusion" of the Policy (Docket No. 387 at p. 19), including the negligent employment of Rodríguez.

In connection with the second objection, plaintiffs refer to Perales-Cruz – which as noted above is inapplicable – and state that: (1) the exclusion is ambiguous as a matter of law; and (2) any ambiguity should be resolved in their favor. But the argument is misplaced, for review of the specific text of MAPFRE's policy, including the abuse and molestation exclusion, ultimately confirms the conclusion the Magistrate Judge reached. The language is clear and unambiguous. That plaintiffs disagree or that in their view a competing interpretation exists, does not make the

---

[4] Notably, to determine whether property is under the care, custody, or control of an insured, courts consider the location, size, and other characteristics of the property, and the insured's relationship to the property, including the insured's duties with respect to the property, nature and extent of the insured's control over the property, and any interest the insured may have in the property. See, 9 Lee R. Russ & Thomas F. Segalia, Couch on Insurance 126:22 (3d ed. 2007).

[5] Because plaintiffs' arguments in support of their third objection are intertwined with their arguments here, no additional discussion as to the remaining objection is warranted.

exclusion ambiguous. In fact, this court has evaluated and found identical exclusions clear and unambiguous. See, Hernández v. Colegio y Noviciado Santa Maria del Camino, Inc., 2015 WL 1417052 (D.P.R. March 27, 2015).

Finally, plaintiffs ask the court to certify several issues listed on page 12 of their motion at Docket No. 390. A closer look at the questions plaintiffs pose, however, confirms they are invoking the certification mechanism for the Puerto Rico Supreme Court to essentially reiterate the rules of statutory construction and interpretation of insurance policies, items not warranting certification.[6]

**b. MAPFRE's Partial Objections at Docket No. 389**

The Magistrate Judge recommended that MAPFRE's request for judgment on the pleading as to its duty to defend be denied (R&R at pp. 25-27). She reasoned that, in addition to the sexual molestation incident, plaintiffs allege that Consejo faulted on a myriad of other issues such as, failing to install cameras and proper lighting on the roof and making sure that the cameras on the building were working properly. From that perspective, the claims would not be related to the sexual assault of Lindsey Grasis yet provide an independent basis for establishing Consejo's negligence and activate MAPFRE's duty to defend.

MAPFRE agrees with the Magistrate Judge's conclusions that: (i) an insurer's duty to provide defense is more extensive and broader that its duty to indemnify; and (ii) an insurer's duty to defend a lawsuit is separate and distinct from the insurer's duty to indemnify (Docket No. 389 at p. 3). Nevertheless, it avers that careful consideration of the remainder allegations against

---

[6] The remaining discussion as to the legal basis to offset or reduce a jury damages award, following dismissal of the Third Party Complaint against WPI (an absent potential tortfeasor) is premature. As such, it will be evaluated at the proper time.

Consejo in the Second Amended Complaint under the *same standard* correctly announced by the Magistrate Judge confirms that there is no duty to defend Consejo for these allegations.

Review of MAPFRE's Policy shows that, absent the claims related to the sexual assault, the remaining allegations against Consejo for (i) lack of security cameras installed on the roof (Docket No. 71 at ¶¶ 70-72); (ii) proper lighting (id. at ¶ 73); and (iii) for failure to verify that the cameras on the building were working properly (id. at ¶ 75), do not fall within the scope of coverage. As the Magistrate Judge recognized, an insurer's duty to defend depends on whether the allegations of the complaint, read liberally, state facts that would be covered by a liability policy if proven true. See, R&R at p. 25 (and cases cited therein). Yet in this case, MAPFRE's Policy is designed to cover damages because of "body injury" or "property damage," to which the insurance policy applies.[7]

As relevant here, if the alleged damage does not result from "bodily injury" coverage will not be afforded under the Policy, regardless of the application of any of the exclusions.[8] And it follows that absent the sexual assault of Lindsey Grasis, the remaining allegations against Consejo, standing alone, would not trigger the Policy at issue. Thus, the court will not adopt the portion of the R&R pertaining to MAPFRE's duty to defend.

---

[7] The Policy at issue provides, in its relevant part, as follows:
COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY
1. Insuring Agreement
a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which the insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. See, Docket No. 121, Exh. 1 at 100. Because there is no claim for property damages in the Second Amended Complaint, MAPFRE limited its discussion to the term "bodily injury" (Docket No. 389 at p. 5 n.1).

[8] Bodily injury means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time (Docket No. 121, Exh. 1 at p. 112).

### c. Consejo de Titulares' Objections at Docket No. 392.

Consejo's objections essentially question the Magistrate Judge's conclusion that Lindsey Grasis was under the "care, custody or control" of the Ashford Imperial. Given that: (1) the court agrees with the Magistrate Judge's conclusion regarding this matter as set in Section III.A of this Memorandum and Order;[9] and (ii) as the record stands, Consejo has not offered a valid reason as to why the R&R findings in this regard should be rejected, the court is not persuaded by Consejo's objections.[10] The R&R concludes that Lindsey Grasis was raped. Consejo clarifies that it only admitted this statement for purposes of the pending dispositive motion, but not for trial purposes (Docket No. 392 at pp. 7-8). As the R&R does not qualify the conclusion, Consejo wishes to note its objection. The objection is noted. If the case survives the summary judgment stage, Consejo is free to raise this matter before trial through a motion *in limine*.

### IV.   CONCLUSION

Having made an independent, *de novo*, examination of the entire record, the Magistrate Judge's findings are well supported in the record and the law. For the same reason, the court hereby ADOPTS IN PART AND REJECTS IN PART the Magistrate Judge's report as stated herein, and, accordingly, GRANTS WPI's Motion for Summary Judgment and MAPFRE's Motion for Judgment on the Pleadings.

**SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of March, 2017.

              s/Pedro A. Delgado-Hernández
              PEDRO A. DELGADO-HERNÁNDEZ
              United States District Judge

---

[9] The Magistrate Judge provided specific, valid and correct reasons for her conclusion.

[10] The court observes that Consejo filed a Motion for Summary Judgment at Docket No. 329, which is still pending.