# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

LINDSEY GRASIS, et al.,

      Plaintiffs,

      v.

WIN ACCESS, INC., et al.,

      Defendants.

CIVIL NO. 13-1226 (PAD)

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

This case stems from a sexual molestation incident (a rape), which allegedly occurred on April 14, 2014 at the roof of the Ashford Imperial Condominium by one of its security guards, William Rodríguez.[1]  At the time of the incident, WIN was in charge of providing security to Ashford Imperial.  Its insurer, Cooperativa de Seguros Múltiples, filed two motions for summary judgment (Docket Nos. 326 and 347).[2]  The motions were referred to U.S. Magistrate Judge Silvia Carreño-Coll, who issued a Report and Recommendation ("R&R") (Docket No. 388), granting in

---

[1] As noted in the court's Memorandum and Order at Docket No. 404, plaintiffs Michael, Dorothy and Lindsey Grasis claim damages in the Second Amended Complaint from WIN Access, Inc.; Consejo de Titulares Condominio Ashford Imperial; Sea Breeze Apt. Rentals, Inc.; Cooperativa de Seguros Múltiples; Universal Group, Inc., and MAPFRE, stemming from the sexual assault Lindsey Grasis suffered while living in the Ashford Imperial Apartment Building. The claims against WPI and MAPFRE were dismissed (Docket No. 404).  As relevant here, plaintiffs claim that Cooperativa, as WIN's insurer, is directly liable for the damages that Lindsey Grasis sustained as a result of WIN's failure to exercise reasonable care when it hired Rodríguez and failed to perform background checks on him. Default was entered against WIN on November 2, 2015 (Docket No. 230).

[2] The first motion for summary judgment was later supplemented at Docket No. 361 by Cooperativa, who also filed a motion under Rule 59(e) to complement and substitute certain exhibits included in the first motion for summary judgment (Docket Nos. 363, 385 and 386).  The first motion for summary judgment asked for dismissal of the claims against Cooperativa in the Second Amended Complaint, the Third Party Complaint and the Cross Claim claiming that the Policy issued in favor of WIN does not provide coverage for the incident at issue because of the abuse or molestation exclusion. In the second motion for summary judgment, Cooperativa claims that summary judgment is also warranted considering that (i) WIN did not comply with its contractual duty under the Policy to cooperate with the defense of the case; (ii) WIN is not vicariously liable for the acts of Rodríguez; and (iii) Rodríguez' acts were not foreseeable to WIN. It adds that plaintiff cannot collect from defendants the damages attributable to WPI and Rodríguez because those claims against them are time-barred. In light of the conclusion reached here as to the abuse and sexual molestation exclusion, the court will not entertain the merits – or lack thereof – of Cooperativa's second motion for summary judgment.

part and denying in part Cooperativa's motions.  For the reasons explained below, the R&R is

ADOPTED in part.

## I.     REFERRAL

A district court may refer a pending motion to a magistrate judge for a report and

recommendation.  See 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Civ. Rule 72.  Any

party adversely affected by the report and recommendation may file written objections within

fourteen days of being served with the magistrate judge's report.  Loc. Civ. Rule 72(d).  See 28

U.S.C. § 636(b)(1).  In this case, the time to file objections was reduced to seven days (Docket No.

388 at p. 21), but was later extended to ten days to avoid inconsistencies between the terms to file

objections to the various R&Rs entered in this case (Docket No. 399).  A party that files a timely

objection is entitled to a *de novo* determination of "those portions of the report or specified

proposed findings or recommendations to which specific objection is made." Ramos-Echevarria

v. Pichis, Inc., 698 F.Supp.2d 262, 264 (D.P.R. 2010); Sylva v. Culebra Dive Shop, 389 F.Supp.2d

189, 191-92 (D.P.R. 2005) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)).

## II.     THE REPORT AND RECOMMENDATION

First, the U.S. Magistrate Judge recommended that Cooperativa's first motion for summary

judgment be granted (Docket No. 388 at pp. 9-13).  Noting that the analysis mirrors the one

articulated in the R&R filed at Docket No. 387 – which the court adopted at Docket No. 404 – the

Magistrate Judge evaluated whether the claims against WIN fall into the second modality of the

coverage exclusion: negligent employment or supervision.  Under this modality, the policy would

not apply to claims arising out of the negligent employment and supervision of a person for whom

WIN is or ever was legally responsible, and who committed actual abuse or molestation on anyone

while the victim was in the care, custody or control of WIN.  To that end, the Magistrate Judge

concluded that those requirements are met here as: (i) WIN is being sued on account of its negligent employment and supervision of Rodríguez; (ii) Rodríguez was an employee of WIN, making the latter legally responsible for Rodríguez; and (iii) Lindsey Grasis was under the care, custody or control of WIN.  In her view, WIN, as well as Ashford, had responsibility for Lindsey's safety and well-being.  Therefore, she concluded the exclusion bars coverage for Rodríguez' acts.

Second, as to the to the second motion for summary judgment, the Magistrate Judge found that Cooperativa has not shown it suffered prejudice in defending the action as a result of WIN's default. As such, she reasoned that Cooperativa's *alternate* request to dismiss the claims against it because WIN failed its contract duty to assist is unwarranted.  In connection with Cooperativa's request for the court to find that WIN is not vicariously liable for the acts of Rodríguez, the Magistrate Judge noted that plaintiffs (in the Second Amended Complaint) or Consejo (in the Crossclaim) do not make any vicarious liability claim against WIN. Thus, she pointed out that there is no need to discuss the dismissal of a nonexistent claim.

Third, addressing Cooperativa's contention that WIN does not respond for the criminal acts of Rodríguez under Puerto Rico's general tort statute, the Magistrate Judge observed there are material facts in dispute on whether the acts committed by Rodríguez were foreseeable to WIN, and concluded that plaintiffs cannot collect from defendants any damages attributable to Rodríguez or WPI. The Third Party Complaint against WPI is time-barred, and Rodríguez was never sued. Consequently, any portion attributable to them, if any, should be deducted from the totality of the damages awarded to plaintiffs.  Cooperativa, Consejo and plaintiffs filed objections (Docket Nos. 393, 397 and 401), and Cooperativa responded to Consejo's and plaintiffs' objections (Docket Nos. 400 and 403).  In turn, plaintiffs opposed Cooperativa's objections (Docket No. 401).

## III.    THE OBJECTIONS

### A.  Plaintiffs' Consolidated Objections at Docket No. 401

Plaintiffs' objections on the first motion for summary judgment resemble the objections the court already considered and rejected with respect to: (i) the interpretation given by the Magistrate Judge to the abuse or molestation exclusion set in the policy; (ii) the applicability of the Judgment entered by the Puerto Rico's Court of Appeals in Perales-Cruz v. Villa del Asociado Jenaro Cortés, Inc., 2015 WL 3488871 (P.R. Court of Appeals April 30, 2015); (iii) the allegedly "erroneous" finding that the abuse or molestation exclusion is not ambiguous; (iv) consideration and weight given to the place where Lindsey Grasis was sexually assaulted; and (v) the request to certify the coverage issue to the Puerto Rico Supreme Court.  Nevertheless, the court has carefully considered plaintiffs' objections and supporting authority and finds no reason to deviate from its previous ruling as to the Magistrate Judge's analysis in Docket No. 404.[3]  And so, for the reasons duly articulated by the Magistrate Judge in the R&R, the abuse and molestation exclusion bars coverage here.

### b.  Consejo's Objections at Docket No. 388

Consejo essentially reiterates the objections previously filed, considered and rejected by the court at Docket No. 392, pertaining to the Magistrate Judge's conclusion that Lindsey Grasis was under the "care, custody or control" of the Ashford Imperial.  It insists on the lack of relationship between the Ashford and Lindsey or between WIN and Lindsey to trigger the sexual abuse and molestation exclusion.  In fact, some of the arguments included in support of its

---

[3] As indicated in the Memorandum and Order at Docket No. 404, issues involving the legal basis to offset or reduce a jury damages award following dismissal of the claims against WPI and upon the entry of default of WIN, are premature.

objections are word-for-word recitations of the objections filed at Docket No. 392.[4] But careful consideration of Consejo's contentions confirms that the Magistrate Judge's findings and conclusion are well supported in the record and the law.[5]

### c.  Cooperativa's Objections at Docket No. 393.

Cooperativa concurs with the Magistrate Judge's conclusion that the abuse or molestation exclusion bars coverage; and that the exclusion is clear and unambiguous. However, it questions the Magistrate Judge's decision to disregard the admissions of Consejo; the statements of Cooperativa's experts; and the statements of plaintiffs' experts. From its perspective, those statements establish how the terms of the policy and exclusion are understood in the security industry; and claims that the Magistrate Judge failed to consider "in depth" the holding of Perales-Cruz, in that there are other reasons that make the Judgment in Perales-Cruz inapplicable and its facts "totally distinguishable from the facts" in this case, yet were not included in the R&Rs (Docket No. 393 at pp. 8-10).

In context, none of the grounds in support of Cooperativa's so-called objections warrant rejection or modification of the R&R's findings and conclusions. To the contrary, the Magistrate Judge correctly rejected Cooperativa's invitation to consider Consejo's purported admissions, and expert opinions that allegedly established "without doubt" that Lindsey was under the care or control of WIN for purposes of interpreting the language exclusion.  As she correctly noted, the interpretation of an insurance policy is normally a question of law for the court (Docket No. 388

---

[4] Consejo again states that it only admitted that Lindsey Grasis was raped for purposes of the pending dispositive motions, but not for trial (Docket No. 388 at pp. 9-10).  As the court indicated in ruling on the R&R at Docket No. 387, Consejo is free to raise this matter before trial through a motion in limine.

[5] On paragraph 14 of the objections, Consejo addresses the R&R's recommendation pertaining to the second motion for summary judgment. In light of the ruling that the sexual molestation exclusion bars coverage here, the court will not entertain the merits of Cooperativa's additional and alternate arguments for summary judgment.

at p. 11). Thus, she validly construed the terms of the policy without considering the expert's interpretation, and the remaining arguments related to Perales-Cruz do not warrant further analysis.

### d. Second Motion for Summary Judgment

In light of the conclusion that coverage is excluded under Cooperativa's policy, there is no need to entertain the portions of the R&R dealing with this request.

## IV.    CONCLUSION

Having made an independent, *de novo*, examination of the entire record, the Magistrate Judge's findings and conclusion are well supported in the record and the law. Therefore, the court hereby ADOPTS the Magistrate Judge's report as stated herein, and, accordingly, GRANTS Cooperativa's Motion for Summary Judgment at Docket No. 326. Because the court already concluded that Cooperativa has no obligation to grant coverage under the Policy under the sexual molestation exclusion, there is no need to consider Cooperativa's second motion for summary judgment.

**SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of March, 2017.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge