IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **LINDSEY GRASIS, <u>et al.</u>** | |
| **Plaintiffs,** | |
| v. | **CIVIL NO. 13-1226 (PAD)** |
| **WIN ACCESS, INC., <u>et al.</u>** | |
| **Defendants.** | |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

This case stems from a sexual molestation incident (a rape), which allegedly occurred on April 14, 2014 at the roof of the Ashford Imperial Condominium by one of its security guards, William Rodríguez.[1] Ashford was the choice of residence by plaintiff's school, Worcester Polytechnic Institute ("WPI"). For that purpose, WPI entered into a short-term rental agreement with Sea Breeze Apartment Rentals, Inc., to receive services from Sea Breeze. Sea Breeze offered accommodation services at Ashford Imperial for WPI students and faculty for over 20 years and up to 2012. WPI faculty and students would be lodged at Ashford Imperial while participating in the study abroad program. In their Amended Complaint, plaintiffs allege Sea Breeze was negligent as it had a duty to provide adequate security measures to guests, residents, and invitees of the Ashford Imperial.[2] Sea Breeze moved for summary judgment (Docket No. 338). Plaintiff opposed

---

[1] As noted in the court's previous Memorandum and Order at Docket Nos. 404 and 407, plaintiffs Michael, Dorothy and Lindsey Grasis claim damages in the Second Amended Complaint from WIN Access, Inc.; Consejo de Titulares Condominio Ashford Imperial; Sea Breeze Apt. Rentals, Inc.; Cooperativa de Seguros Múltiples; Universal Group, Inc., and MAPFRE, stemming from the sexual assault Lindsey Grasis suffered while living in the Ashford Imperial Apartment Building. The claims against WPI, Mapfre and Cooperativa were dismissed (Docket Nos. 404 and 407).

[2] In their Amended Complaint, plaintiffs claim that (i) Consejo de Titulares "and/or" Sea Breeze negligently failed to run a background check of the security guards that worked at the condominium and/or request that a criminal background check be performed (Docket No. 71 at ¶ 60); (ii) under Puerto Rico law, Consejo de Titulares "and/or" Sea Breeze had the duty of care to

Lindsey Grasis, *et al.* v. Win Access Inc., *et al.*
Civil No. 13-1226 (PAD)
Memorandum and Order
Page 2

(Docket No. 353). The motions were referred to U.S. Magistrate Judge Silvia Carreño-Coll, who issued a Report and Recommendation ("R&R") (Docket No. 396), granting Sea Breeze's request. For the reasons that follow, the R&R is ADOPTED in *toto*.

## I.     REFERRAL

A district court may refer a pending motion to a magistrate judge for a report and recommendation. See, 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Civ. Rule 72. Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. Loc. Civ. Rule 72(d). See 28 U.S.C. § 636(b)(1). In this case, the time to file objections was reduced to seven days (Docket No. 396 at p. 11), but later extended to ten days to avoid inconsistencies between the terms to file objections to the various R&Rs entered in this case (Docket No. 399). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Ramos-Echevarria v. Pichis, Inc., 698 F.Supp.2d 262, 264 (D.P.R. 2010); Sylva v. Culebra Dive Shop, 389 F.Supp.2d 189, 191-92 (D.P.R. 2005) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)).

## II.    THE REPORT AND RECOMMENDATION

The Magistrate Judge recommended that Sea Breeze's motion for summary judgment be granted (Docket No. 396). Sea Breeze facilitated the rental of apartments for WPI, and provided concierge and maintenance services. Id. at p. 9. In the 20 years that it had been accommodating

---

provide adequate security measures to guests, residents, and invitees at the premises of the condominium to the tenants of the Ashford Imperial (id. at ¶ 65); (iii) as an innkeeper, Consejo de Titulares "and/or" Sea Breeze have a heightened duty of care to provide security and ensure the safety and the protection of its guests, residents and invitees – which extends to the WPI students residing in the condominium, including Lindsey (id. at ¶ 66); and (iv) Consejo de Titulares "and/or" Sea Breeze (1) failed to take any measures to secure the roof; (2) were negligent in hiring Win Access as its provider of security guard services; (3) failed to perform background checks on the individuals that work at the Ashford Imperial "and/or" request that a criminal background check be performed (id. at ¶¶ 63-79).

students or faculty of WPI at Ashford, Sea Breeze had not become aware of any criminal or violent acts that were committed or could have been committed on the premises. Id. There is no contractual relationship between Sea Breeze and Consejo or between Sea Breeze and Win. Id. And the short-term lease agreements did not require Sea Breeze to provide security services or hiring or vetting the security company or its employees. Id.

Against this backdrop, the Magistrate Judge asked whether Sea Breeze had a duty to provide security at Ashford Imperial, and if so, whether it breached the duty. Id. at pp. 8-9. Considering the uncontested facts and applicable law, she answered both questions in the negative, and recommended that Sea Breeze's motion be granted. Although she concluded that See Breeze did not have any duty, the Magistrate Judge found that the foreseeability element required to impose civil liability to Sea Breeze for Rodriguez' criminal acts as an entity receiving an economic benefit from a commercial activity, was absent. Id. at pp. 10-11.

### III.   THE OBJECTION

#### A.  Plaintiffs' Consolidated Objections at Docket No. 406

Plaintiffs claim the Magistrate Judge disregarded relevant facts and erred in finding that Sea Breeze was not negligent and had no duty to provide adequate security to Lindsey (Docket No. 406 at pp. 2-4). They state that Sea Breeze profited from the perceived security at the building, which made its rentals more attractive to its customers, including WPI, and as such, is liable for the negligent acts of Rodríguez. They rely on Martínez v. Chase, 8 P.R. Offic.Trans. 542 (1979) for the proposition that as an entity receiving an economic benefit from commercial activities (here, a 20% fee from the rentals), Sea Breeze is liable for Rodriguez' criminal act. The court agrees with the Magistrate Judge's conclusion that Chase is inapposite.

Plaintiffs argue that, as principal of Sea Breeze, secretary of Consejo de Titulares, and owner of an apartment in Ashford Imperial, Ms. Yolanda Justa Moral-Arias had authority and decision-making power regarding the hiring and retention of security personnel or security companies providing services to the Ashford Imperial, including Win (Docket No. 355 at ¶ 11 and Docket No. 406 at p. 3). As the Magistrate Judge correctly noted, however, the record does not show, and plaintiffs do not explain, how Moral's role in Consejo – or the fact that she owned an apartment at Ashford – binds Sea Breeze. Similarly, Moral's position does not alter the fact that Sea Breeze did not hire Win, nor had any input in Win's selection of employees.

### IV.     CONCLUSION

Having made an independent, *de novo*, examination of the entire record, the Magistrate Judge's findings and conclusion are well supported in the record and the law. Therefore, the court ADOPTS the Magistrate Judge's report as stated herein, and GRANTS Sea Breeze's Motion for Summary Judgment at Docket No. 338.

**SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of March, 2017.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge