# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

LINDSEY GRASIS, <u>et al.</u>

    **Plaintiffs,**

    v.

WIN ACCESS, INC., <u>et al.</u>

    **Defendants.**

CIVIL NO. 13-1226 (PAD)

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

    This case stems from a sexual molestation incident (a rape), which allegedly occurred on April 14, 2014 at the roof of the Ashford Imperial Condominium by one of its security guards, William Rodríguez.[1] Ashford was the choice of residence by Lindsey's school, Worcester Polytechnic Institute. WPI faculty and students would be lodged at Ashford Imperial while participating in the study abroad program. As relevant, plaintiffs allege that Consejo de Titulares Condominio Ashford Imperial ("Consejo") – an association of the owners of the apartments in Ashford Imperial – was negligent in breaching a duty to provide adequate security to guests, residents, and invitees of the Ashford Imperial.[2] Consejo moved for summary judgment (Docket

---

[1] As noted in the court's previous Memorandum and Orders at Docket Nos. 404, 407 and 408, plaintiffs Michael, Dorothy and Lindsey Grasis claim damages in the Second Amended Complaint from WIN Access, Inc.; Consejo de Titulares Condominio Ashford Imperial; Sea Breeze Apt. Rentals, Inc.; Cooperativa de Seguros Múltiples; Universal Group, Inc., and MAPFRE, stemming from the sexual assault Lindsey Grasis suffered while living in the Ashford Imperial Apartment Building. The claims against WPI, Mapfre, Cooperativa and Sea Breeze were dismissed (Docket Nos. 404, 407 and 408).

[2] Plaintiffs claim that (i) Consejo de Titulares "negligently failed to run a background check of the security guards that worked at the condominium and/or request that a criminal background check be performed (Docket No. 71 at ¶ 60); (ii) under Puerto Rico law, Consejo de Titulares had the duty of care to provide adequate security measures to guests, residents, and invitees at the premises of the condominium to the tenants of the Ashford Imperial (<u>id.</u> at ¶ 65); (iii) as an innkeeper, Consejo de Titulares has a heightened duty of care to provide security and ensure the safety and the protection of its guests, residents and invitees – which extends to the WPI students residing in the condominium, including Lindsey (<u>id.</u> at ¶ 66); and (iv) Consejo (1) failed to take any measures to secure the roof; (2) was negligent in hiring Win Access as its provider of security guard services; (3) failed to perform background checks on the individuals that worked at the Ashford Imperial "and/or" request that a criminal background check be performed (<u>id.</u> at ¶¶ 63-79).

No. 329). Plaintiffs opposed (Docket No. 353). The motions were referred to U.S. Magistrate Judge Silvia Carreño-Coll, who issued a Report and Recommendation ("R&R") (Docket No. 402), granting in part and denying in part Consejo's request. For the reasons that follow, the R&R is ADOPTED *in toto*.

## I. REFERRAL

A district court may refer a pending motion to a magistrate judge for a report and recommendation. See, 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Civ. Rule 72. Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. Loc. Civ. Rule 72(d). See 28 U.S.C. § 636(b)(1). In this case, the time to file objections was reduced to seven days (Docket No. 402 at p. 30), but was later extended to ten days to avoid inconsistencies among the terms set to file objections to the various R&Rs (Docket No. 399).

A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Ramos-Echevarria v. Pichis, Inc., 698 F.Supp.2d 262, 264 (D.P.R. 2010); Sylva v. Culebra Dive Shop, 389 F.Supp.2d 189, 191-92 (D.P.R. 2005) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)). Such is the case here.

## II. THE REPORT AND RECOMMENDATION

The U.S. Magistrate Judge recommended that Consejo's motion for summary judgment be granted on the issue of Consejo's allegedly heightened duty of care on which plaintiffs rely arguing that Consejo is an "innkeeper" under Puerto Rico law (Docket No. 402 at pp. 6-19). The Magistrate Judge disagreed with plaintiffs, reasoning that as an association of Ashford apartment owners, Consejo cannot be said to be "engaged for profit" in the operation of Ashord Imperial. Id.

at p. 19. Nevertheless, she recommended that Consejo's motion be denied on the question of Consejo's negligence. Id. at pp. 19-27. In her view, factual controversies exist in connection with Consejo's liability for the actions of Win and the foreseeability of Lindsey's sexual assault under the regular negligence standard. Id. She reiterated that plaintiffs are precluded from recovering the portion of responsibility attributable to the tortfeasor that was not timely sued (WPI or Rodríguez). Id. at pp. 27-28. Thus, once liability is established, any portion attributable to an absent tortfeasor must be deducted from the award. Id. And she recommended that given conflicting factual issues, Consejo's motion be denied as to the remaining allegations pertaining to security measures in the building. Id. at pp. 28-29.

### III. THE OBJECTIONS

**A. Plaintiffs' Partial Objection to Report and Recommendation (Docket No. 409) and Consejo's Response (Docket No. 412).**

Plaintiffs claim the Magistrate Judge erred in finding that Consejo should not be held to the higher standard of care applicable to innkeepers (Docket No. 409 at pp. 3-5). They state Consejo operated as a "commercial enterprise" (1) soliciting business and marketing its "product" to the general public inviting it to belong to the Ashford community via its website for the benefit of the *owner,* who *ultimately* "derived" a "rental income," and (2) renting common areas (such as the rooftop). Id. at p. 4. But they miss the mark. In addition to referring the court's attention to the general responsibilities of an association of building apartment owners, nothing in the record supports the notion that Consejo operated as a commercial enterprise. An association's duty of collecting fees from the owners does not make it a "commercial enterprise."[3]

---

[3] Plaintiffs question the Magistrate Judge's recommendation regarding offsetting damages by the liability of absent tortfeasors (Docket No. 409 at pp. 2-3). As previously indicated when considering Cooperativa's and Sea Breeze's identical arguments, however, issues involving the legal basis to offset or reduce a jury damages award absent several tortfeasors are premature.

**B. Consejo's Partial Objection to Report and Recommendation (Docket No. 410) and Plaintiffs' Response (Docket No. 411).**

First, Consejo questions the R&R's analysis on whether Consejo had a legal duty to verify Rodríguez' fitness to serve as a security guard. It asserts the Magistrate Judge incorrectly "jumped" to the analysis of whether a sexual assault was a foreseeable consequence of Consejo's not independently verifying Rodríguez' fitness for the position of security guard, without first establishing that Consejo had a duty to act under the circumstances of this case. Had it started with the correct question, Consejo adds, the Magistrate Judge would have realized that no such duty exists under Puerto Rico law. Id. at p. 5. But the court need not tarry long here. The R&R confirms the Magistrate Judge identified and conducted the correct analysis in noting that Consejo's arguments were *mostly* focused on the core issue of foreseeability. Id. at p. 20.

To that end, after a thorough consideration of the applicable law and the uncontested facts, the Magistrate Judge concluded that Consejo had a duty to safeguard Lindsey's security – as a tenant of the Ashford Imperial – and that there are facts on the record that *challenge* Consejo's argument that it did not have a duty to oversee Win's employees. In this sense, she analyzed: (i) the nature and extent of the relationship between Consejo and Win – formerly known was Preventing Detective and Investigation, Inc. (PDI) – and information available to Consejo that undermined PDI's representations to Consejo *before* maintaining a relationship and executing a contract with the new entity (Win) for security services; (ii) the uncontested fact that prior to Lindsey's rape, Consejo did not know what, if anything, Win did to assess the background of the security guards on duty at the Ashford; (iii) Consejo's removal power under the Contract over any guard that it did not believe was performing adequately under the Contract; (iv) Win's obligation to replace any officer following Consejo's request that the guard be replaced; (v) Consejo's

substantial discretion in the security measures implemented at Ashford Imperial; and (vi) Consejo's security regulations which Win's personnel had to comply with, among others. On this reading, Consejo's contention that the Magistrate Judge did not conduct the proper analysis is misplaced. It is plain there are substantial factual disputes regarding Consejo's negligence in failing to safeguard Lindsey against her attacker.

Second, Consejo claims it is not liable for the actions of Win, for it delegated the responsibility of the building security to Win. It adds that plaintiffs have not shown that Win was not qualified to render the services for which it has contacted, and that it can only be liable for Win's negligence *if* Win was not duly qualified to provide the services it was contracted to provide. However, as the court already explained in addressing Consejo's related objection, the R&R highlights the existence of "substantial factual disputes" on to this issue. So if credited by the jury, the evidence can demonstrate that Consejo: (i) was negligent in maintaining a relationship with Win as a security provider; (ii) failed to oversee and monitor – as provided by the Contract – Win's compliance with its obligations; and (iii) could have foreseen Lindsey's rape.

Third, Consejo questions the Magistrate Judge's recommendation as to the allegedly deficient security measures on the premises of Ashford Imperial. The problem with Consejo's challenge is that – again – it refers the court's attention to facts that have been properly contested by plaintiffs at this stage, labeling those as "a stretch." In particular, the record confirms, on the one hand, that Consejo installed several security features including controlled access to the rooftop. On the other hand, Consejo admitted that it was aware that two of the cameras were not working, including one in the elevator. Whether this could have chronicled the movements of the security officer in the elevator and deterred Rodríguez under the circumstances of this case is for the jury to weigh.

## IV.   CONCLUSION

Having made an independent, *de novo*, examination of the entire record, the Magistrate Judge's findings and conclusion are well supported in the record and the law.  Therefore, the court hereby ADOPTS the Magistrate Judge's report as stated herein, and GRANTS in part and DENIES in part Consejo's Motion for Summary Judgment at Docket No. 329.

**SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of April, 2017.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge